PEOPLE'S BUILDING, LOAN & SAVINGS ASSOCIATION, AP-
PELLANT, V. W. W. SHAFFER ET AL., APPELLEES.

FILED JANUARY 8, 1902.   No. 10,898.

Commissioner's opinion, Department No. 2.

1. ~uilding and Loan Contracts: LAW OF THIS STATE. Contracts made
in Nebraska, with residents of this state, by a foreign building
and loan association, if made by agents of such associations
within this state, are Nebraska contracts; and by their construc-
tion, validity and enforcement are governed by the laws of this
state.

2. Homestead Association: USURY. The provisions of the homestead
association act of 1873, did not exempt foreign building and loan
associations from the penalties of usury.

APPEAL from the district court for Nuckolls county.
Heard below before HASTINGS, J.   *Affirmed.*

*F. H. Stubbs,* for appellant.

*W. F. Buck, contra.*

OLDHAM, C.

This was an action to foreclose a mortgage on certain
town lots situated in Superior, Nuckolls county, Nebraska,
the plaintiff being a building and loan association organ-
ized under the laws of the state of New York.   The defend-
ants answered plaintiff's petition, admitting the execution
of the mortgage, but alleging that the contract was usuri-
ous, and that the full amount of the money borrowed from
plaintiff had been paid, and alleging that plaintiff was
transacting business in this state in violation of chapter
16 of the Compiled Statutes of Nebraska.   To this answer
plaintiff filed a reply in the nature of a general denial.
There was a trial to the court and judgment for defend-
ants, and plaintiff appeals.

It is conceded that the defendants paid to the plaintiff
a sum of money in excess of the amount disclosed by the
face of the note, and it is not disputed that the rate of

interest and premium contracted to be paid for the loan was in excess of ten per cent. per annum.

Plaintiff's contention is that the contract was entered into in the state of New York and that it was legal and binding under the laws of that state; but the facts in the case show that plaintiff's agent who solicited the loan had an office in Superior, Nuckolls county, Nebraska; that the application for the loan was made to him by the defendants, who were residents of Superior, Nebraska, and that the mortgage given to secure the loan was made and acknowledged by the defendants in Nuckolls county, Nebraska. This, then, brings the case clearly within the rule announced in *Building & Loan Ass'n of Dakota v. Bilan*, 59 Nebr., 458, which fully sustains the holding of the learned trial judge that this was a Nebraska contract, and that the plaintiff, being a foreign building and loan association, is subject to the penalties of the statutes of this state against usury. *Henni v. Fidelity Building & Loan Ass'n*, 61 Nebr., 744; *Pioneer Savings & Loan Co. v. Eyer*, 62 Nebr., 810.

It is next contended by the plaintiff that the contract in dispute was entered into prior to the passage of section 17, chapter 14, Session Laws, 1891, and prior to the repeal of the homestead association act of 1873, and that there was nothing in the homestead association act of 1873 that would except foreign building and loan associations from the protection of that act against usury penalties. It is probably sufficient to say that this association was not alleged to have been organized under the provisions of the homestead association act; nor did the provisions of that act apply, or attempt to apply, to any association not formed in the state of Nebraska, and in accordance with its provisions. In any event, that act did not undertake to exempt foreign building and loan associations from the penalties denounced against usury by our statute.

It is therefore recommended that the judgment of the district court be affirmed.

SEDGWICK and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.